UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD L. VACENDAK, )
)
    Plaintiff )
)
vs. ) CAUSE NO. 3:09-CV-307 RM
)
TOWN OF LAKE STATION, *et al.*, )
)
    Defendants )

## OPINION AND ORDER

Donald Vacendak, a prisoner confined at the Big Sandy United States Penitentiary, filed a complaint under 42 U.S.C. § 1983 alleging that six Lake Station police officers violated his federally protected rights on July 17, 2007, when they took him into custody without conducting a thorough investigation. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Mr. Vacendak brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under §

1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Vacendak states in his complaint that on July 17, 2007, the defendant police officers responded to a 911 call "regarding a disturbance at 1001 South Lake Street, Lake Station, Indiana." (Compliant, Statement of Facts, ¶ 1). The officers took Mr. Vacendak into custody and took him to the Lake Station Police Department where he was "detained for investigation purposes." (*Id.* ¶ 5). He alleges that the six officers were each "negligent" for "not interviewing non-parties who were in fact present at said location when officers arrived, to a 911 Disturbance call on July 17th 2007, and to further investigate a possible violation of the law." (Compliant, Statement of Claims, ¶¶ 2, 3, 4, 5, 6, and 7). He alleges that Lake Station and its police department "failed to properly train their police officers . . . to in fact comply with their protocol of duty as police officers . . . at 1001 South Lake Street, Lake Station, Indiana . . . to interview said non-parties who were present at said location, and to further investigate a possible violation of the law." (Compliant, Statement of Claims, ¶ 1).

Mr. Vacendak's claims arise from an incident where he was arrested without a warrant for creating a disturbance. He alleges that the defendants' conduct violated rights protected by the Constitution's Fifth, Sixth, and Fourteenth Amendments. A claim asserting an arrest without probable cause implicates the Fourth Amendment. *See Booker*

2

*v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). But Mr. Vacendak does not assert that the defendants' conduct violated the Fourth Amendment, nor does he allege facts that suggest a Fourth Amendment violation. Mr. Vacendak does not allege that the defendants improperly searched or seized him, that they lacked probable cause to arrest him, or that their arrest of him was in any way incorrect. He asserts only that the defendants were negligent in not interviewing witnesses who were present at the scene to gather more information and in not further investigating facts of the disturbance.

A finding of probable cause doesn't require evidence sufficient for a conviction. Illinois v. Gates, 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.*, quoting Spinelli v. United States, 393 U.S. 410, 419 (1969). The probable cause determination is based on the information available to the officers at the time they made the arrest. Edwards v. Cabrera, 58 F.3d 290, 292 (7th Cir. 1995).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that . . . [officers] . . . arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

Booker v. Ward, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

An arrest is legitimate if the arresting officer has probable cause to believe that a crime had been committed by the arrested person. Qian v. Kautz, 168 F.3d 949, 953 (7th Cir.

1999) ("A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.").

Mr. Vacendak implicitly concedes that the defendants had probable cause to arrest him on July 17th 2007, and nothing in the complaint suggests that they did not. Because the officers who took Mr. Vacendak into custody had probable cause to arrest him, his claim that they didn't perform extra steps of questioning witnesses at the scene and conducting a further investigation at the time of his arrest simply states no claim upon which relief can be granted. The Constitution doesn't require police officers to conduct an complete investigation of an incident before arresting a person once they have established probable cause to arrest him. That the arresting officers did not violate Mr. Vacendak's rights when they arrested him also means that his allegation that Lake Station and its police department failed to train its officers to conduct thorough investigations before arresting suspects states no claim upon which relief can be granted.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: August  5 , 2009

                           /s/ Robert L. Miller, Jr.
                           Chief Judge
                           United States District Court

cc: D. Vacendak